**Reginald Jitnesh Chand SHARMA; et al., Petitioners,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–70953.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2005.**

Decided March 9, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral. argument. See Fed. R.App. P. 34(a)(2).

** Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Michael T. Johnson–Ortiz, The American Law Company, PLLC, Johnson–Ortiz & Associates, PLLC, Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, OIL, DOJ—U.S. Department of Justice, Civil

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM ***

Reginald Sharma, his brother Ronald Sharma, his brother's wife Sagita Lau and their minor daughter, Priyanka Sharma ("the Sharmas"), are natives and citizens of Fiji of Indian descent. They petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum. Because the BIA summarily affirmed the decision of the Immigration Judge ("IJ"), we review the IJ's decision as if it were that of the BIA. *Al–Harbi v. INS,* 242 F.3d 882, 887 (9th Cir.2001).

The Sharmas contend that they are eligible for asylum on the basis of a pattern or practice of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii). The government responds that we lack jurisdiction over the Sharmas' "pattern or practice" claim because they failed to exhaust it before the BIA. Alternatively, the government contends that substantial evidence supports the IJ's determination that the Sharmas lack both a subjectively genuine and an objectively reasonable fear of persecution, even taking into consideration the evidence they offer regarding pattern and practice.

We reject the government's jurisdictional argument. Although the Sharmas did not use the precise term "pattern or practice of persecution" in their brief to

the BIA, they did present both legal argument and facts to support such a claim. Nonetheless, we affirm the IJ's determination that the Sharmas did not present sufficient evidence to warrant relief. The documentary evidence in the record does not compel the conclusion that the Sharmas wish us to reach: that *all* Indo–Fijians have an objectively well-founded fear of future persecution. Furthermore, as the IJ concluded, the Sharmas, though credible, did not express a subjectively genuine fear of future persecution but rather testified only to concerns that they would be subject to petty crime and workplace discrimination.

**PETITION DENIED.**